UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-127-RLV
(5:12-cr-9-RLV-DCK-1)

| | | |
|---|---|---|
| DELEON ANDONTE WATTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court denies and dismisses the petition.

**I.    BACKGROUND**

On July 12, 2012, Petitioner pled guilty to possession of a firearm in or affecting commerce by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession with intent to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). (Criminal Case No. 5:12cr9, Doc. No. 13: Acceptance and Entry of Guilty Plea; Doc. No. 21: Judgment). Before Petitioner pled guilty, the Government filed a notice of intent to seek enhanced penalties under 21 U.S.C. § 851, but the Government subsequently withdrew the notice. (Id., Doc. Nos. 8; 20). Before sentencing, Petitioner was designated as a career offender under U.S.S.G. § 4K1.1. See (Id., Doc. No. 17 at 6: PSR). As to Count One, Petitioner had a base offense level of 24, pursuant to U.S.S.G. § 2K2.1, because he had two prior felony convictions of either a crime of violence or a controlled

1

substance offense. (Id. at 21). Petitioner's offense level was increased by four levels under U.S.S.G. § 2K2.1(b)(6), based on his possession of a firearm in connection with another felony offense. (Id. at 5). As to Count Two, Petitioner had a base offense level of 20, which level was increased by two points based on his possession of a firearm, under U.S.S.G. § 2D1.1(b)(1), and by an additional two points because he maintained a residence for the purpose of distributing crack, under U.S.S.G. § 2D1.1(b)(12). (Id. at 6). Regarding Count One, the statutory term of imprisonment was not more than ten years. Regarding Count Two, the statutory term of imprisonment was not more than 20 years. (Id. at 21). Based on a total offense level of 29 and a criminal history category of VI, the guidelines range for imprisonment was 151-188 months of imprisonment. (Id.). On February 5, 2013, this Court sentenced Petitioner to 120 months of imprisonment on each count, to be served concurrently. Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison mail system on September 6, 2013, and it was stamp-filed in this Court on September 9, 2013. In the petition, Petitioner seeks to have the Court reduce his sentence in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, Petitioner states that, pursuant to Alleyne, his Sixth Amendment right was violated because he was subject to a mandatory minimum sentence by virtue of being designated as a career offender.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved

2

without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

As his sole ground for relief, Petitioner contends that he is entitled to relief under the Supreme Court's decision in Alleyne v. United States. In Alleyne, the Supreme Court held that any fact, other than a prior conviction, that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. See Alleyne, 133 S. Ct. at 2160 n.1, 2163. Petitioner contends that his Sixth Amendment right to a jury trial was violated under Alleyne because the Court, rather than a jury, determined Petitioner's career offender status, and because his offense level was increased based on various factors not determined by a jury, such as possessing a firearm while committing another felony offense and maintaining a dwelling for the purpose of his drug trafficking.

Petitioner is not entitled to relief under Alleyne. The Supreme Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. Indeed, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, and the Supreme Court has not held that Alleyne is retroactive on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004); see also United States v. Stewart, No. 13-6902, 2013 WL 5694799, at n.* (4th Cir. Oct. 21, 2003) (noting that "Alleyne has not been made retroactively applicable to cases on collateral review"); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same); United States v. Potter, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013) (citing cases and concluding that "the rule announced in Alleyne does not qualify as a watershed rule of criminal procedure"

and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). Because Alleyne has not been held to apply retroactively on collateral review, Petitioner cannot obtain relief under Alleyne. In any event, Petitioner would have no relief under Alleyne due to his career offender status because the rule in Alleyne does not apply to sentence enhancements based on prior convictions. See Alleyne, 133 S.Ct. at 2160 n.1. Furthermore, the Alleyne Court stated that its holding did not disturb judicial fact-finding at sentencing for facts that do not impact the statutory punishment. Id. at 2161 n.2. Here, the findings under U.S.S.G. § 2K2.1(b)(6), U.S.S.G. § 2D1.1(b)(1), and U.S.S.G. § 2D1.1(b)(12) that Petitioner challenges affected only the advisory guideline calculations and not the statutory mandatory minimum punishment. Accord United States v. Anderson, No. 12-4433, 2013 WL 3455791, at *8 n.1 (4th Cir. July 10, 2013) (unpublished) ("Alleyne involves the application of mandatory minimum sentences and is not relevant to the advisory Guidelines enhancement dispute here."). In sum, for the reasons stated herein, Petitioner is not entitled to relief under Alleyne.

**IV.    CONCLUSION**

For the reasons stated herein, Petitioner's § 2225 petition is denied and dismissed.[1]

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 petition, (Doc. No. 1), is **DENIED** and **DISMISSED**.
2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v.

---

[1] Petitioner has not signed the § 2225 petition under penalty of perjury, and his petition is also subject to dismissal on that basis. Because Petitioner is not entitled to relief in any event, requiring Petitioner to re-submit the petition signed under penalty of perjury would be futile.

Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 3, 2014

Richard L. Voorhees
United States District Judge